NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0901n.06
Filed: December 15, 2006

No. 06-5026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| NATHANIEL BRINSON, JR. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **CLAY and SUTTON, Circuit Judges; and SHARP, District Judge.***

**SHARP, District Judge**. Nathaniel Brinson, Jr., appeals the district court's denial of a motion for discovery filed after his guilty plea but before his sentencing hearing. Brinson was convicted of conspiracy to distribute in excess of five kilograms of powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), pursuant to guilty pleas, on July 19, 2004. Brinson was sentenced on November 17, 2005, to a term of imprisonment of one hundred thirty-one months as to Counts One and Twenty and a term of imprisonment of one hundred twenty months as to Count Five; these terms of imprisonment

---

*The Honorable Allen Sharp, United States District Judge for the Northern District of Indiana, sitting by designation.

were imposed to run concurrently. For the following reasons, we **AFFIRM** the district court's decision.

I.

Brinson was charged in Counts One through Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty of a multi-count, multi-defendant Indictment returned by a grand jury in the Eastern District of Tennessee on March 16, 2004. (J.A. 55-69) On April 8, 2004, the government filed an Information regarding enhanced penalties in which Brinson was advised that he was subjected to an enhanced statutory penalty due to a prior felony drug conviction. (J.A. 147) He was convicted on Counts One, Five, and Twenty of the Indictment, by guilty pleas, on July 19, 2004. As a part of the plea agreement, Brinson entered into a stipulation of facts which served as the factual basis for his guilty pleas and agreed to cooperate with the government in order to secure a motion for a downward departure below the statutory mandatory minimum. (J.A. 96-99)

On October 8, 2004, Brinson filed a set of objections to the presentence report in which he objected to a two-level enhancement for possession of a firearm and to the multiple-count grouping rule used to establish a total offense level. (J.A. 173) Brinson did not assert actual or factual innocence. Brinson's restricted guideline range for imprisonment was calculated as two hundred forty – two hundred sixty-two months. Sentencing was initially scheduled for November 9, 2004, continued six times, and ultimately set for November 17, 2005.

On November 9, 2005, the government filed a sealed motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (J.A. 176) The government recommended that the district court depart below the statutory minimum mandatory term of imprisonment of two hundred forty months to a term of imprisonment of one hundred forty-four months. (J.A. 182) On

November 17, 2005, Brinson filed a motion for discovery pursuant to pursuant to Rule 16(a)(1)(E)(i) and (ii) and Rule 32(i)(B) of the Federal Rules of Criminal Procedure. (J.A. 100) Specifically, Brinson requested that the government be ordered to produce the presentence investigation reports for each of Brinson's co-conspirators, the sealed motion for departure/variance filed by the government as to each defendant whose case the government considered in making its sentencing recommendation for Brinson, and any written policies of the United States Attorney's Office used in the determination of sentencing recommendations based upon a defendant's substantial assistance. (J.A. 100) The district court denied Brinson's motion for discovery and proceeded with Brinson's sentencing as scheduled. Brinson was sentenced to a term of imprisonment of one hundred thirty-one months as to Counts One and Twenty and a term of imprisonment of one hundred twenty months as to Count Five, all such terms to be served concurrently. (J.A. 72)

Brinson filed a motion for extension of time to file a notice of appeal on November 29, 2005, which was granted on December 8, 2005. He timely filed a Notice of Appeal to this Court on December 30, 2005. (J.A. 78)

II.

This Court reviews a district court's order in response to a discovery motion for an abuse of discretion. *United States v. Kincaide*, 145 F.3d 771, 780 (6th Cir. 1998). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, . . . improperly applies the law, . . . or . . . employs an erroneous legal standard.'" *Apanovitch v. Houk*, 466 F.3d 460, 476 (6th Cir. 2006) (quoting *Barner v. Pilkington N. Am., Inc.,* 399 F.3d 745, 748 (6th Cir. 2005)).

Brinson sought discovery from the United States pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i). That rule provides that the government "must permit the defendant to inspect and to copy or

photograph books, papers, documents, data, photographs, tangible objects, buildings or places" in the government's possession that are "material to preparing the defense." *Id.* Brinson, however, was not seeking to prepare a defense. He was not, in other words, attempting to demonstrate that the "prosecutor had no valid case." Black's Law Dictionary (8th ed. 2004) (defining "defense"). By pleading guilty, he not only admitted that the prosecutor had a valid case but that he was guilty of the crime charged. And the co-conspirator information was listed in the prosecution's motion for downward departure to show the value of Brinson's assistance, not to prove some fact against him.

This reading is supported by other instances where the rules use the term "defense." Rules 12.1 through 12.3, for example, establish procedures federal courts are to follow when certain defenses are alleged. *See* Fed. R. Crim. P. 12.1 (alibi defense); Fed. R. Crim. P. 12.2 (insanity defense); Fed. R. Crim. P. 12.3 (public-authority defense). Each of these defenses goes to show that the accused either did not commit or should not be held culpable for the crime charged. Brinson's situation is quite different; the government's downward departure motion, rather than accusing him of anything, recommended that he receive a lighter-than-normal sentence.

The purposes served by Rule 16 also support our interpretation of the rule. According to the advisory committee, "broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." This focus on accurately determining guilt or innocence demonstrates that the rule was not meant to extend to issues not impacting the defendant's culpability.

The Supreme Court has interpreted this rule in a similar manner. In *United States v.*

*Armstrong*, 517 U.S. 456 (1996), the Court concluded that "'defense' means the defendant's response to the Government's case in chief." *Id.* at 462. Rule 16(a)(1)(c), the predecessor rule to Rule 16(a)(1)(E)(i), thus did not apply to discovery related to the defendant's selective prosecution claim. The provision, the Supreme Court reasoned, extends only to "shield" claims that "refute the Government's arguments that the defendant committed the crime charged." *Id.*

While *Armstrong* arose in the context of a selective prosecution claim, we see no reason not to extend its reasoning to Brinson's claim. Beyond the obvious fact that Brinson has admitted committing the crime charged, the theory of his discovery request is similar to that denied in *Armstrong*. The best Brinson could hope for were his discovery request granted is evidence that the government's downward departure recommendation was inconsistent with the departure recommended for his co-conspirators—that the government in other words exercised its discretion to recommend a downward departure inconsistently. Armstrong similarly sought to prove that the government improperly exercised its discretion by deciding who to prosecute based on race. The Court not only held that Rule 16 did not apply to his request, but also held that a defendant alleging selective prosecution must make a "credible showing of different treatment of similarly situated persons" before obtaining discovery related to the claim. *Armstrong,* 517 U.S. at 469; *see also Wade v. United States*, 504 U.S. 181, 186 (1992) (requiring a heightened showing to obtain discovery on a claim that the government improperly exercised its discretion by failing to file a downward departure motion). Because Brinson requests far-ranging information implicating prosecutorial discretion, we similarly hold that Rule 16(a)(1)(E)(i) does not apply.

In addition to Rule 16(a)(1)(E)(i), Brinson cited Rule 32(i)(1)(B) to support his discovery request. That rule requires "the court" to "give to the defendant . . . a written summary of . . . any

information excluded from the presentence report . . . on which the court will rely in sentencing." *Id.* On appeal, Brinson claims that pursuant to this rule the district court is required to provide him with the presentence reports of co-defendants sentenced in this case. Brinson's motion, however, was addressed to "the Government," not the court, and he did not redirect his motion toward the court at any time during the sentencing hearing. Thus, his request is reviewed for plain error, a standard he cannot meet.

## III.

For these reasons, we AFFIRM the district court's decision.