<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0326n.06

No. 13-2606

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

*Apr 25, 2014*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DEIDRA LUCAS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MERRITT, COOK, and DONALD, Circuit Judges.

PER CURIAM. Deidra Lucas, a federal prisoner, appeals the sentence imposed for violating the terms of her supervised release.

On February 11, 2011, Lucas pleaded guilty to a charge of embezzlement. She was sentenced to one day of imprisonment and three years of supervised release, which she violated by committing new violations of state law. In September 2012, Ohio law enforcement stopped Lucas for a traffic offense and discovered that her passenger was carrying quantities of both Xanax and heroin. Lucas pleaded guilty in an Ohio state court to two charges of permitting drug use, and served ninety days of imprisonment.

The sentencing guideline range in this case was three to nine months. After hearing argument from both parties, the district court imposed a sentence of four months of imprisonment. Lucas argues that her sentence is procedurally and substantively unreasonable because the district court failed to consider the relevant sentencing factors.

We review a criminal sentence for reasonableness; a sentence within the guideline range is entitled to a presumption of reasonableness. *See United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007). A sentence may be found to be procedurally and substantively unreasonable where it appears that the district court failed to consider the relevant sentencing factors. *United States v. Conatser*, 514 F.3d 508, 519-20 (6th Cir. 2008). Here, Lucas argues that the district court could have continued her supervised release, or imposed a sentence of home confinement or a shorter sentence, but instead imposed a sentence within the guideline range without consideration of the other sentencing factors. The sentencing hearing transcript, however, shows that the district court explicitly addressed 18 U.S.C. § 3553(a)'s factors, including the serious nature of the offense, Lucas's underlying criminal history, and the need to promote respect for the law, provide just punishment, provide deterrence, and protect the public. Therefore, the record does not support the argument that the district court failed to consider the relevant sentencing factors. A defendant's desire for a more lenient sentence is insufficient to disturb the district court's judgment. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

Accordingly, we affirm the district court's judgment.