NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0948n.06

No. 14-5248

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Dec 30, 2014*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

REX ALLEN HICKS,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE:    DAUGHTREY, MOORE, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Rex Allen Hicks ("Defendant") appeals from the district court order sentencing him to 188 months of incarceration. Defendant pleaded guilty to one count of attempted armed robbery in violation of 18 U.S.C. § 1951, and, at the sentencing hearing, he requested a within Guidelines sentence. Defendant's Guidelines range was 151 to 188 months. He now appeals because 188 months is the upper limit of his applicable Guidelines range. We **AFFIRM** Defendant's sentence for the reasons stated below.

## BACKGROUND

### I.    Factual and Procedural History

On June 11, 2012, Defendant attempted to rob a convenience store at knifepoint in Athens, Tennessee. The shop clerk refused to open the cash register, and was able to both call 911 and get away while Defendant struggled with the machine. Defendant thereafter fled the scene. The clerk described Defendant to police officers upon their arrival, and this description

was supported by video evidence. Shortly thereafter, Defendant was captured with the knife that he had wielded in the attempted robbery found in his pocket.

Defendant was indicted on February 26, 2013, for one count of a Hobbs Act robbery violation pursuant to 18 U.S.C. § 1951. On August 9, 2013, Defendant was arrested in the Southern District of Ohio, after failing to appear in a Tennessee court on state charges related to the same crime. He was arraigned on August 13, 2013, and pleaded not guilty. One month later, Defendant notified the court that he wished to change his plea to guilty. The factual basis for Defendant's plea was submitted on September 30, 2013. The magistrate judge assigned to the case recommended that Defendant be allowed to change his plea, that he be adjudicated guilty, and that he remain in custody until sentencing. The district court adopted this recommendation in full on January 31, 2014.

The following month, the probation office issued its final presentencing report ("PSR"). The PSR indicated that Defendant's total offense level was 29. This total included an enhancement for career offender status and a three point reduction for Defendant's acceptance of responsibility. The predicate crimes on which the enhancement was based included evading arrest in an automobile, multiple counts of attempted carjacking, multiple counts of attempted aggravated kidnapping, and multiple counts of aggravated robbery.

The PSR also noted that Defendant had been convicted of (or pleaded guilty to) criminal offenses on nine different occasions. Among his other crimes were burglary, theft, escape, and evading arrest. Defendant had been continuously on parole or in and out of prison since he was 20. Defendant had repeatedly violated the terms of his parole within months of each suspended sentence or occasion on which he had been released from prison, starting with his first conviction in 1991. Based on Defendant's criminal history category of VI and an offense level of 29, the

report identified the appropriate range of incarceration as being from 151 to 188 months. The report also indicated the absence of any factors that would warrant a departure from this Guidelines range.

At the sentencing hearing, held on February 20, 2014, Defendant acknowledged having reviewed the PSR and did not object to its content. Defendant did, however, impress upon the court his newfound commitment to living a better life. Specifically, Defendant noted that, since the time of the indictment (but prior to his arrest), he had become sober, maintained employment, and established a family through his engagement to a woman with two children. Defendant asserted that these changes demonstrate his commitment to being a productive member of society. Defendant also underscored his troubled childhood with an abusive and alcoholic father as another mitigating factor. Finally, Defendant recognized his "significant criminal history" and acknowledged that he was potentially facing a life sentence on the related state charge; and thus, asked simply for "sentencing [] within the guideline range." (R. 25, Hearing, PageID #86.)

The government pressed for sentencing at the top of the Guidelines range, calling Defendant's criminal history "ridiculous," and noting that it was "one of the more violent" records that the prosecutor had ever seen. (*Id.*) The court complied, sentencing Defendant to 188 months of imprisonment—the maximum number of months corresponding to Defendant's Guidelines range. The court noted that it had considered each of the § 3553(a) sentencing factors and found that need to protect the public from future crimes was the most important consideration in this case. This appeal timely followed.

## DISCUSSION

### I. Standard of Review

We review the district court's judgment in sentencing with great deference; and our determination turns simply on whether or not the sentence is reasonable. *United States v.*

3

*Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012). This inquiry has two parts—a review of both procedural and substantive reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 US. 38, 56 (2007), and *Rita v. United States*, 551 U.S. 338, 341 (2007)). Procedural reasonableness is considered, first, by independently confirming the Guidelines range for the offenders' sentence, *United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014), and second, by addressing whether the district court considered the § 3553(a) sentencing factors and articulated its rationale for the sentence imposed, *Cochrane*, 702 F.3d at 344. Substantive reasonableness, on the other hand, focuses on the length of a defendant's sentence, ensuring that it is "not greater than necessary to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *Cochrane*, 702 F.3d at 345 (internal quotation marks omitted). "[A] sentence may be substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007). Sentences falling within the Guidelines range are afforded a rebuttable presumption of substantive reasonableness. *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). The fact that we may have imposed a different sentence cannot alone overcome the deference that is due to the district court's judgment. *Id.* at 591.

## II.    Analysis

Defendant argues that his sentence is substantively unreasonable because it falls at the top of the Guidelines range as opposed to the bottom.  This argument is contrived and lacking in merit.[1]

Within Guidelines sentences are presumed to be substantively reasonable, *Herrera-Zuniga*, 571 F.3d at 590, and Defendant has not rebutted this presumption.  Moreover, "it is incumbent upon the defendant to demonstrate that his sentence" is without reason.  *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).  For example, Defendant does not suggest that the sentence was arbitrary, that the court failed to consider the relevant § 3553 factors, or that its decision was based on impermissible factors.  Our review of the record establishes that any challenge on those bases would be untenable.  Defendant's appeal, instead, rests on the assertion that the district court placed an unreasonable amount of weight on one particular factor.  As we will explain below, this argument is also baseless.

At the sentencing hearing, Defendant based his request for a within Guidelines sentence on his reformed behavior, suggesting that his previous crimes were connected to his lifelong abuse of alcohol, which he had now conquered.  The court mentioned several §3553(a) factors prior to announcing Defendant's sentence:  the "need to protect the public from future crimes," "the nature and circumstances of the offense," Defendant's "history and background," and "the advisory guideline range."  (R. 25, Hearing, PageID #86.)  Defendant's substance abuse was also given specific consideration.  Consistent with the guidelines, the court recommended that Defendant receive treatment in furtherance of his newfound sobriety.  Ultimately, the court concluded that "the need to protect the public from future crimes of the defendant" was the most

---

[1] On appeal, Defendant inaccurately states that "[he] argued for the minimum sentence," at the sentencing hearing, *Appellant's Br.* at 6, when truthfully, his request was merely that the sentence fall "within the guideline range," and not exceed it.  (R. 25, Hearing, PageID #86.)

important factor for this particular case. (R. 25, Hearing, PageID #88.) The district court is not required to specifically address each enumerated factor at sentencing, so long as each argument made by Defendant has been considered. *Cochrane*, 702 F.3d at 345. Moreover, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356–57. In listing some factors, considering all arguments made by Defendant, and articulating the bases for the sentence, the district court did not abuse its discretion. *See, e.g.*, *United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007); *Brogdon*, 503 F.3d at 562.

Defendant argues that the district court "placed undue emphasis on [his] criminal history to establish[] him as a threat to the public," and that the court should have placed greater weight on his mitigating circumstances—a difficult childhood, the relationship between his alcoholism and criminal record, and his recent efforts to reform his life. *Appellant's Br.* at 11–12. A sentence may be substantively unreasonable when it "gives an unreasonable amount of weight to any pertinent factor," *Robinson*, 503 F.3d at 528, but one factor may significantly outweigh the others when the circumstances so warrant. *See United States v. Brooks*, 628 F.3d 791, 801 (6th Cir. 2011).

In *Brooks*, a defendant asked for a below Guidelines sentence due to his history of depression, substance abuse, and mental illness. *Id.* at 797–98. The district court determined that the defendant's mitigating circumstances were overcome by the seriousness of the crime and the need to protect the public from future criminal acts; therefore, a top of the Guidelines sentence was justified. *Id.* at 794–95. On appeal, we rejected the defendant's argument that undue weight was given to these factors because the defendant's criminal conduct was not a "one time impuls[e]"; the defendant had a "deep-seated" intent to engage in his chosen criminal

activities. *Id.* at 794. Thus, we held that the district court "was entitled to give substantial weight to the nature and seriousness of the offenses because [the defendant's] conduct was egregious." *Id.* at 801.

In this case, as in *Brooks*, the need to protect the public was cited as the most important factor justifying Defendant's top of the Guidelines sentence.[2] Unlike *Brooks*, Defendant only sought a sentence within the Guidelines range (as opposed to a downward variance), and a within Guidelines sentence is precisely what he got. Defendant's contention is merely that the court should have given more weight to one factor and less to another. The presumption of reasonableness will not be overcome simply because the court could have come to a different conclusion. *Brooks*, 628 F.3d at 801; *see also United States v. Hammonds*, 468 F. App'x 593, 599 (6th Cir. 2012) ("The issue is not whether some other, lesser sentence for [the defendant] would have been reasonable; rather, it is whether the within-the-Guidelines sentence that [the defendant] actually received was reasonable."). As in *Brooks*, Defendant's course of conduct was certainly egregious: in a little more than two decades, Defendant was convicted of (or pleaded guilty to) criminal offenses on nine different occasions; Defendant repeatedly violated parole within months of each suspended sentence or occasions on which he was released from prison; and many of Defendant's numerous crimes included elements of violence. These facts, like those in *Brooks*, suggest that the crime was not a "one time impulse" or an errant mistake in judgment, and therefore overcome Defendant's mitigating circumstances. For these reasons, the

---

[2] *Brooks* dealt with a conviction for attempted sex crimes involving minors. While we recognize that sex crimes (particularly those involving minors) give rise to particular concerns about recidivism, *Brooks* remains instructive for the general proposition that it is appropriate to give greater weight to a need to protect the public when a defendant's conduct is "egregious" and he has shown that he is likely to repeat his behavior.

district court was entitled to give substantial weight to Defendant's criminal history and the need to protect the public from future crimes.

Defendant has not rebutted the presumption that his within Guidelines sentence is substantively reasonable. Moreover, the evidence suggests that the district court was well within its discretion in sentencing Defendant at the top of the Guidelines range. Thus, we have no reason to disturb the judgment of the sentencing judge.

## CONCLUSION

For the above reasons, we **AFFIRM** the sentence imposed by the district court.