NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0191n.06

No. 22-3288

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 24, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

CHRISTON JACKSON

   Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: BOGGS, LARSEN, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Christon Jackson violated the conditions of his supervised release. His guidelines sentence range was five to eleven months, but the district court sentenced him to two years—the statutory maximum. Now he appeals his sentence as procedurally and substantively unreasonable. Finding no abuse of discretion, we affirm.

**I.**

In 2012, Christon Jackson pleaded guilty in federal district court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 37 months, the "low end of the guidelines range," and three years of supervised release. In 2018, almost two years into his supervised release, Jackson got into a brawl at a casino and pleaded guilty to two state misdemeanors—one for disorderly conduct, the other for resisting arrest. Because Jackson's state-court conviction violated his federal supervised release conditions, he faced resentencing before the district court with an advisory range of five to eleven months. And the

district court sentenced Jackson to 60 days in prison and two years of supervised release. Jackson began that term of supervised release in March 2019.

But two months later Jackson punched his 69-year-old stepmother in the face and stole her car keys. So he pleaded guilty to attempted robbery, a fourth-degree felony, in state court. That incident was a second violation of his supervised release. The advisory guidelines range for this violation was 18 to 24 months. And in February 2020, the district court sentenced Jackson to a within-guidelines, 22-month sentence and one year of supervised release. While in federal custody, Jackson was involved in multiple altercations.

Jackson started serving his one year of supervised release in January 2021. But a few months later, Jackson was arrested for burglary of the mother of his child and for beating her up on a separate occasion. Jackson appeared before the state court to enter a plea of not guilty to the first charge but "never returned," and "a capias was [later] issued for his arrest" on both charges.

On October 22, 2021, the district court issued a warrant for Jackson's arrest for violating the terms of his supervised release. After his arrest, Jackson was placed in federal custody. In March 2022, Jackson pleaded guilty in state court to aggravated trespass, a first-degree misdemeanor, for burglarizing the house of the mother of his child. And the charge for assaulting her was unresolved at that point. This conviction was his third supervised-release violation.

So Jackson was up for resentencing again in March 2022. The district court received confirmation that Jackson's guidelines sentence range was five to eleven months and that the statutory maximum was two years. Based on Jackson's "troubling" behavior and the fact that he had a "continuing pattern of violating supervision," the district court sentenced Jackson to the statutory maximum of two years with no supervised release. (*Id.* at 9.) Jackson's counsel asked the district court to "note [her] objection to the maximum." (*Id.* at 12.) The district court noted

the objection and overruled it because, in its view, its prior more lenient sentencing "didn't serve any purpose." (*Id.*)

Jackson timely appealed—contesting both the procedural and substantive reasonableness of his sentence.

## II.

We review procedural reasonableness for abuse of discretion only when a defendant objects at sentencing. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Beckham*, 838 F.3d 731, 733 (6th Cir. 2016) (explaining that when a defendant doesn't object to procedural reasonableness below we review for plain error).[1] When determining whether a sentence is procedurally unreasonable, "we ask, among other things, whether the district court properly calculated (and treated as advisory) the Guidelines range, considered the pertinent factors in 18 U.S.C. § 3553(a), did not base its sentence on clearly erroneous facts, and adequately explained the chosen sentence." *United States v. Matthews*, 31 F.4th 436, 456 (6th Cir. 2022) (citing *Gall*, 552 U.S. at 51). A sentence may also be procedurally unreasonable when the district court considers impermissible factors. *United States v. Parrish*, 915 F.3d 1043, 1047–48 (6th Cir. 2019) (explaining that consideration of an impermissible factor is properly characterized as a procedural error); *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (same).

We always review substantive reasonableness for abuse of discretion. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). No objection below is required. *Id.* A sentence is substantively unreasonable when the district "court placed too much weight on some of the

---

[1] The government argues that we should review Jackson's procedural reasonableness claim for plain error because Jackson's counsel failed to explain her objection to the statutory maximum below. We need not decide whether this case should be reviewed for plain error because Jackson establishes no error, plain or otherwise.

§ 3553(a) factors and too little on others in sentencing the individual," leading to "a sentence [that] is too long." *Rayyan*, 885 F.3d at 442.

**III.**

Jackson makes two arguments on appeal. First, he says that his sentence is procedurally unreasonable because the district court did not consider the relevant factors and instead considered irrelevant factors, like his prior criminal history and his behavior in custody. Second, he argues that his sentence is substantively unreasonable because the district court imposed a sentence that was twice the high-end guidelines range.

**A.**

Start with procedural reasonableness. Jackson argues that his statutory maximum sentence of two years is procedurally unreasonable for two reasons: the district court didn't "specifically articulate its reasons" under 18 U.S.C. § 3553(a); and the district court considered "impermissible factors . . . such as the defendant's criminal history . . . and the defendant's alleged conduct while incarcerated." (Appellant's Br. at 10–11.)

Because Jackson's sentence results from a revocation of supervised release, 18 U.S.C. § 3583 governs his sentencing. That provision explains that the district "court may, after considering the factors set forth in" § 3553(a) "revoke a term of supervised release" and resentence the defendant "to serve in prison all or part of the term of supervised release authorized by statute" and "without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3).

Jackson says that the district court should have "articulate[d] its specific findings" on what other kinds of sentences were available and whether the maximum would create a sentencing

disparity under § 3553(a)(6). (Appellant's Br. at 13, 15.) He also says that the district court shouldn't have considered Jackson's criminal history and behavior in custody in imposing an above-guidelines sentence.

First, we've never required the district court to articulate every possible reason why a sentence is procedurally reasonable. *See United States v. Robinson*, 503 F.3d 522, 530 (6th Cir. 2007) ("It is now well-settled that a district court is not required to recite and analyze each § 3553 factor in order for the appellate court to conclude that the sentence imposed is procedurally reasonable."). A sentencing judge must only "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

And that's exactly what the district court did here. First, the district court verified the guidelines range of five to eleven months and the statutory maximum for the offense. The court asked if Jackson's counsel or Jackson himself had anything to say. Jackson's counsel explained that she knew "he need[ed] to be punished for" his violation of supervised release and that the mother of Jackson's child wanted him to have "counseling for alcohol abuse." (R. 110, Fourth Sentencing Transcript, p. 7.) Jackson said that the incident was his fault and that he had apologized to the mother of his child.

Then, after hearing the government's position, the district court explained that it was "required to make findings under . . . [§] 3553(a)." (*Id.* at 9.) The district court started by noting that Jackson had a "continuing pattern of violating supervision" with "dangerous behavior," so the "nature and circumstances of the offense" reflected his anger-management issues. (*Id.*) *See* § 3553(a)(1) (requiring the district court to consider "the nature and circumstances of the offense").

Next, the court explained that for Jackson's "history and characteristics, he has a long tenure on supervised release," but that "[n]one of it really has been effective." (R. 110, Transcript, p. 9.) *See* § 3553(a)(1) (requiring the district court to consider the "history and characteristics of the defendant"). For instance, it noted Jackson's past "drunken behavior, his threats to officers," and his prior two violations of supervised release. (R. 110, Transcript, p. 9–10.) The district court determined that Jackson had "not modified his behavior," even after the court's past efforts "to serve that purpose." (*Id.* at p. 10.) *See* § 3553(a)(1). In considering what kinds of sentences didn't work in the past, the court considered what might work for Jackson now. *See* § 3553(a)(4) (requiring the district court to consider "the kinds of sentence[s] and the sentencing range" available to the defendant).

And on top of the supervised-release violations, the district court noted that "[t]here's various reports of going back as far as 2020 regarding [Jackson's] issues while in custody." (R. 110, Transcript, p. 10.) After again noting Jackson's recidivism, the district court decided that "it's necessary that he be deterred, protect the public, [and] reflect the seriousness of the offense." (*Id.*) *See* § 3553(a)(2) (requiring the district court to consider "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," "protect the public," and "provide . . . other correctional treatment in the most effective manner").

The district court's explanation shows that it considered the guidelines range, the statutory maximum, and the § 3553(a) factors in crafting a sentence under § 3583(e). And in doing so, the district court was free to consider the panoply of Jackson's conduct—including uncharged conduct that was in the record. *See Pepper v. United States*, 562 U.S. 476, 492–93 (2011); *United States v. Haj-Hamed*, 549 F.3d 1020, 1026 (6th Cir. 2008) (recognizing that "[i]n general, a district court

can consider uncharged or dismissed conduct for sentencing purposes" if the court finds that the conduct is supported "by a preponderance of the evidence").

The district court noted Jackson's "continuing pattern of noncompliance with the law in very short periods of time after being released" as the reason for imposing the statutory maximum. (R. 110, Transcript, p. 11.) And that is a permissible basis to sentence Jackson to the statutory maximum. *See United States v. Bolds*, 511 F.3d 568, 582 (6th Cir. 2007) (explaining that in a procedural-reasonableness analysis a defendant's "'consistently contumacious' conduct in failing to abide by the terms of her supervised release and the 'seriousness' of the[] supervised release violations" was "a sufficiently compelling justification" for the district court to impose an upward variance (citation omitted)). So we affirm on procedural reasonableness.

**B.**

Now to substantive reasonableness. Jackson argues that the district court abused its discretion in choosing a statutory maximum sentence of two years—which was more than double the eleven-months, high-end guidelines range—and by placing too much weight on Jackson's criminal history.

First, although we accord a sentence within the guidelines range a rebuttable presumption of reasonableness, we don't give a presumption of unreasonableness to a sentence outside the guidelines range. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). "[W]e must give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581 (citation omitted). And we may not reverse just because we "might have reasonably concluded a different sentence was appropriate." *Id.* (citation omitted).

7

Here, the district court sentenced Jackson to the statutory maximum because it was the only sentence the court believed would "deter[] [Jackson], protect the public, [and] reflect the seriousness of the offense." (R. 110, Fourth Violation Transcript, p. 11.) But the fact that Jackson received the statutory maximum—without a showing of arbitrariness—doesn't tell us that the sentence was substantively unreasonable. *See Bolds*, 511 F.3d at 581. So this argument fails.

Second, Jackson argues that the district court gave too much weight to his criminal history by accounting for it in both the guidelines range and under the § 3553(a) factors. And he says the court shouldn't have considered his behavior in custody. But these arguments fail too. A district court may consider criminal history in the context of both the guidelines range "and the 'broader' sentencing goals" of § 3553(a). *United States v. Lanning*, 633 F.3d 469, 478 (6th Cir. 2011); *see also United States v. Rankin*, 929 F.3d 399, 407 (6th Cir. 2019) (explaining that district courts "may consider relevant uncharged or even acquitted criminal conduct in sentencing" so long as the court finds that conduct is supported by the "preponderance of the evidence" (citation omitted)).

So it wasn't error for the district court to consider Jackson's criminal history, his behavior in custody, and the need to deter Jackson, to "protect the public, [and] reflect the seriousness of the offense." (R. 110, Transcript, p. 11.) *See* 18 U.S.C. § 3553(a)(2). Because Jackson hasn't demonstrated that the district court abused its discretion in imposing the statutory maximum, we decline to find that the sentence is substantively unreasonable.

**IV.**

For these reasons, we **AFFIRM**.