*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

*v.*

No. 05-6078

RAMIRO TREJO-MARTINEZ,

> *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 04-00061—Edward H. Johnstone, District Judge.

Argued: July 27, 2006

Decided and Filed: March 23, 2007

Before: MOORE and GIBBONS, Circuit Judges; ACKERMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Scott T. Wendelsdorf, WESTERN KENTUCKY FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Scott T. Wendelsdorf, WESTERN KENTUCKY FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

GIBBONS, J., delivered the opinion of the court, in which ACKERMAN, D. J., joined. MOORE, J. (p. 5), delivered a separate opinion concurring in part and concurring in the judgment.

---

## OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Ramiro Trejo-Martinez ("Trejo") appeals the sentence imposed by the district court for his illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a), (b)(2). The government argues that we are without jurisdiction to hear Trejo's appeal because the district court imposed a sentence within the now advisory guidelines and Trejo does not challenge the district court's underlying

---
[*] The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

guidelines calculations. As the government notes, we have not, as yet, identified explicitly the jurisdictional basis for our review of sentences imposed within a correctly calculated guidelines range. We hold today that in light of *United States v. Booker*, 543 U.S. 220 (2005), 18 U.S.C. § 3742(a) provides the necessary jurisdiction for our review of Trejo's sentence. Accordingly, we reject the government's argument that we are without jurisdiction to hear the instant appeal. However, because we further conclude that the sentence imposed by the district court was reasonable, we affirm the decision of the district court.

I.

On May 10, 2002, Trejo, a Mexican national illegally residing in the United States, was removed following his conviction in Kentucky state court, after entry of a guilty plea, on a charge of first degree sexual abuse. Trejo subsequently reentered the United States illegally. On November 15, 2004, Trejo pled guilty to unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a), (b)(2). At sentencing, the district court determined that Trejo's Criminal History Category was III and his total offense level was 21: including a sixteen-level enhancement based on Trejo's prior sexual abuse conviction–a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As a result, the advisory sentencing range under the guidelines called for between forty-six and fifty-seven months incarceration. The parties raise no objections to these calculations on appeal. Following a hearing, the district court sentenced Trejo to forty-six months in prison, to be followed by two years of supervised release.

At sentencing, Trejo introduced evidence surrounding his prior conviction for sexual abuse. According to Trejo, this evidence tended to mitigate the seriousness of the prior offense and counseled in favor of a more lenient sentence than that recommended under the guidelines. Trejo objected to the sixteen-level enhancement in particular because he claimed that the sexual conduct giving rise to the charge, though involving a minor, was consensual. The district court considered this evidence, but the court was ultimately unpersuaded that the facts of Trejo's case warranted a deviation from the guidelines recommendation. On appeal, Trejo argues that the facts and circumstances of the instant offense and the prior sexual abuse conviction militate in favor of a lighter sentence. Accordingly, argues Trejo, in light of *Booker* and the sentencing factors contained in 18 U.S.C. § 3553(a), the sentence was unreasonable.

II.

Before we reach the merits of Trejo's appeal, we must first address the government's argument that we are without jurisdiction to review a sentence imposed within a correctly calculated guidelines range. The jurisdiction of the courts of appeals to review criminal sentences is contained in 18 U.S.C. § 3742. Section 3742(a) outlines the grounds upon which a defendant may rest his or her challenge to an otherwise final sentence imposed by the district court and establishes our jurisdiction for purposes of hearing an aggrieved defendant's appeal. Under subsection (a)(1), the courts of appeals have jurisdiction to review any sentence "imposed in violation of law."

Under *Booker*, an appellate court must review all sentences for "reasonableness," irrespective of whether they fall within the properly calculated guidelines range. *See* 543 U.S. at 261-62. This reasonableness inquiry is to be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* Under the circumstances, we fail to see how Trejo's challenge–namely, that the sentence imposed was "unreasonable"–does not implicate § 3742(a)(1). The standard set forth in the law of sentencing review, as established by the Supreme Court, is one of reasonableness, and any sentence that is deemed unreasonable must necessarily be one imposed "in violation of law." In reaching this

decision, we join every other court of appeals to have considered the matter.[1] Having found that we may properly exercise appellate jurisdiction over Trejo's challenge to his sentence, we must review the sentence imposed by the district court for reasonableness.

## III.

Post-*Booker*, the discretion of a sentencing court has been enhanced, and we review sentences for reasonableness. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). Our reasonableness inquiry has both a procedural and a substantive component. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Thus, we examine not only the rationale underlying the district court's chosen sentence, but also to the actual sentence imposed. *Id.*

Trejo's challenge to the district court's sentence focuses on the evidence he presented surrounding the version of events he claims gave rise to his conviction, following a guilty plea, on a charge of first degree sexual abuse. As noted above, the district court relied on this prior conviction as a "crime of violence" in enhancing Trejo's guidelines offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Trejo does not object to the district court's guidelines calculations on appeal but instead argues that his sentence was "unreasonable under the facts of this case and the facts of [Trejo's] prior offense." It is not entirely clear from his brief whether Trejo objects merely to the procedures used by the district court–specifically, the extent to which it considered the evidence he presented–or whether he also objects to the punishment ultimately imposed. As we have no doubt as to the soundness of the district court's decision, we will briefly address both the procedural and substantive reasonableness of Trejo's sentence.

## A.

As noted above, the procedural component of our reasonableness inquiry examines the rationale supporting the district court's sentence in order to ensure that the district court has adequately considered the relevant sentencing factors outlined in 18 U.S.C. § 3553(a). *United States v. Dexta*, 470 F.3d 612, 614-15 (6th Cir. 2006). Sentencing courts are no longer bound by the strictures of the sentencing guidelines, but they must consider the applicable guidelines range as one of a number of factors enumerated in § 3553(a). *Jackson*, 408 F.3d at 304. Procedural reasonableness aims to ensure that the district court explains its reasoning to a sufficient degree to allow for meaningful appellate review. *Dexta*, 470 F.3d at 614; *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006). A court need not explicitly consider each of the § 3553(a) factors; a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion. *See United States v. McBride*, 434 F.3d 470, 475-76 & n.3 (6th Cir. 2006) (citing *Webb*, 403 F.3d at 383-85). Moreover, procedural reasonableness does not require that a district court provide a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors. *See United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006); *see also United States v. Williams*, 436 F.3d 706, 708-09 (6th Cir. 2006).

Trejo does not challenge the district court's guidelines calculations, and while he claims that the district court failed to consider his "history and characteristics" and the facts surrounding his prior conviction, this claim lacks merit. In fact, the district court explicitly rejected Trejo's claim that his commission of a sexual act with a minor, though undisputed, was not a "crime of violence" under the

---

[1] *See, e.g.*, *United States v. Jimenez-Beltre*, 440 F.3d 514, 517 (1st Cir. 2006) (en banc); *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006); *United States v. Montes-Pineda*, 445 F.3d 375, 377-78 (4th Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 637 (7th Cir. 2006); *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005); *United States v. Plouffe*, 445 F.3d 1126, 1130-31 (9th Cir. 2006); *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006); *United States v. Martinez*, 434 F.3d 1318, 1321 (11th Cir. 2006); *United States v. Dorcely*, 454 F.3d 366, 373 (D.C. Cir. 2006).

guidelines even though he alleged the act was consensual. Thus, any suggestion by Trejo that the district court did not consider this evidence is untenable. Notwithstanding Trejo's statements to the contrary, there is nothing in the record to suggest that the district court failed to consider a relevant § 3553(a) factor. The sentencing court expressed a clear rationale for its decision, and there is no foundation for a finding of procedural unreasonableness.

### B.

With respect to substantive reasonableness, the law of this circuit distinguishes between those sentences that fall within a correctly calculated guidelines range and those that fall outside of it. Those sentences falling into the former category, such as that imposed upon Trejo, are entitled to a rebuttable presumption of reasonableness. *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006); *Williams*, 436 F.3d at 708.

Trejo's apparent substantive objections to the district court's sentence comprise his belief that the facts and circumstances of his prior conviction warrant lenity. Accordingly, he argues, the district court should have varied from the guidelines and imposed a lesser sentence. In passing sentence, the district court acknowledged the advisory nature of the guidelines but determined that Trejo's was not a case that supported deviation from the guidelines recommendation. The district court was under no obligation to accept Trejo's version of events regarding his prior conviction. Even if the district court were to do so, Trejo cannot point to any authority that would suggest that the district court was further obligated to impose a sentence lower than the one ultimately imposed. According to the district court, a sentence at the low end of the guidelines range–forty-six months–was sufficient to meet the sentencing goals of deterrence, punishment, and incapacitation.

Trejo points to nothing in the record that would suggest that the district court gave inappropriate weight to the relevant sentencing factors or that the sentence imposed was otherwise improper. The mere fact that Trejo desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *Dexta*, 470 F.3d at 616 (quoting *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006)).

### IV.

For the foregoing reasons, we affirm the sentence imposed by the district court.

---

## CONCURRING IN PART AND CONCURRING IN THE JUDGMENT

---

KAREN NELSON MOORE, Circuit Judge, concurring in part and concurring in the judgment. I concur in Part II of the majority opinion. I also concur in the judgment.