JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur in the majority opinion, but I write separately to note my objection to our court’s excessively formalistic application of the Bostic rule. We held in Bostic that, where the district court provides a “meaningful- opportunity to object” to a sentence yet either party fails to do so, that party’s objection is forfeited and reviewable only for plain error. See United States v. Bostic, 371 F.3d 865, 872 (6th Cir.2004); see also United States v. Vonner, 516 F.3d 382, 385-86 (6th Cir.2008) (en banc). This sensible rule “serve[s] the dual purpose[s] of permitting the district court to correct on the spot any error it may have made and of guiding appellate review.” See Bostic, 371 F.3d at 873 (second brackets in original). In subsequent *97 cases, however, the rule has been extended to require the district court not only to provide an opportunity to object, but to do so using the precise words announced in Bostic. See, e.g., United States v. Gapinski, 561 F.3d 467, 473 (6th Cir.2009) (finding the question “Anything else for the record, [counsel]?” not sufficient opportunity to object); United States v. Thomas, 498 F.3d 336, 340 (6th Cir.2007) (finding the question “Do you have anything further for the record, [counsel]?” not sufficient opportunity to object). This extension of the Bostic rule elevates form over function and requires the kind of “ritualistic incantation” we have rejected elsewhere in the sentencing context. See United States v. Trejo-Martinez, 481 F.3d 409, 413 (6th Cir.2007).
Here, I would find that the district court provided Poison with a meaningful opportunity to object to his sentence. After the court announced Poison’s sentence, the following exchange occurred:
THE COURT: Anything more for the defendant?
COUNSEL: No, your Honor, thank you.
In my view, this was sufficient. Indeed, the timing of the question — at the conclusion of the sentencing proceeding — leaves little room for doubt that the court was soliciting objections for the record.
Because I believe that the district court provided a meaningful opportunity to object to his sentence, Poison’s failure to do so should render his subsequent objection renewable only for plain error. Nevertheless, finding myself constrained by circuit precedent, I concur in the majority opinion.