NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0716n.06

No. 09-2005

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ALCUS FOREMAN, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
**Nov 17, 2010**
LEONARD GREEN, Clerk

Before: MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Defendant Alcus Foreman appeals the sentence imposed by the district court when it revoked his supervised release. We affirm.

I.

Alcus Foreman was sentenced to 57 months of incarceration and three years of supervised release for being a felon in possession of a firearm. On May 5, 2009, the district court modified Foreman's conditions of supervised release, requiring him to live in a residential reentry center for 90 days. While there, Foreman committed five violations of the conditions of his release: he lied about his activities, threatened a staff member, and repeatedly tested positive for marijuana. He also failed to tell his probation officer when his employer went out of business and when police

questioned him about a fraudulent check. Based upon these violations, the probation officer petitioned for revocation of Foreman's supervised release.

At the hearing that followed, Foreman pled guilty to all five violations but offered explanations for each. The district court judge correctly calculated a 4-10 month guideline range for the violations, but found that Foreman's attitude, behavior, and "lack of any compliance with the rules and regulations" justified an upward departure. The judge then sentenced him to 18 months of incarceration, explaining that the violations were serious, that the sentence would prevent Foreman from committing further crimes and violations, and that the sentence would deter similar behavior by other residents at Foreman's reentry facility. The judge also ordered that Foreman undergo anger management treatment, pursuant to 18 U.S.C. § 3553(a)(2)(D).

This appeal followed.

II.

Foreman challenges the procedural and substantive reasonableness of his sentence. We review revocation of supervised-release sentences under the same abuse-of-discretion standard that we apply to sentences after a conviction. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007).

Foreman first argues that the district court did not properly consider the 18 U.S.C. § 3553(a) factors or the relevant "Chapter Seven" policy statements before choosing the sentence. The court need not explicitly consider each § 3553(a) factor, however, if the record shows that the court addressed the relevant factors in reaching its conclusion. *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Here, the district court clearly addressed relevant factors such as deterring similar violations, protecting the public from future violations, and providing anger

management. *See* 18 U.S.C. § 3553(a)(2)(B)-(D). The court focused on the nature of the violations and on Foreman's history and characteristics—especially Foreman's tendency to violate rules that he does not like. *See* 18 U.S.C. § 3553(a)(1). Moreover, the judge stated that he had considered the Chapter Seven policy statements and calculated the advisory guideline range pursuant to them. The court's consideration of the policy statements and § 3553(a) factors was procedurally reasonable.

Foreman also argues that the sentence was procedurally unreasonable because the judge did not adequately explain the sentence. The sentencing judge must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Here, the judge offered several reasons for an upward departure from the advisory guideline range. He implicitly distinguished Foreman from other defendants subject to the 4-10 month advisory range by focusing on Foreman's bad attitude and "lack of any compliance" with rules and regulations. The judge also emphasized that the longer sentence would deter others at the reentry facility from emulating Foreman's behavior. Since the judge adequately explained his reasons for the 18-month sentence, Foreman's procedural unreasonableness claim fails.

Finally, Foreman argues that his sentence was substantively unreasonable. The district court has broad discretion to determine what sentence will best serve the objectives of § 3553(a), especially in the "discretion-filled context of supervised release." *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009). Nothing indicates that the court abused its discretion here. Foreman faced a 24-month statutory maximum sentence because he was originally convicted of a Class C felony. *See* 18 U.S.C. 3583(e)(3). The sentence he received was below the statutory maximum and

was adequately supported by § 3553(a) factors. *See Kontrol*, 554 at 1093 (finding a 15-month sentence substantively reasonable where a 24-month statutory maximum and 4-10 month guideline range applied). The sentence was substantively reasonable.

The district court's judgment is affirmed.