**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0247n.06

No. 11-2604

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Mar 11, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JERMAINE LASHAWN MCCLAIN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

BEFORE: MERRITT, CLAY, and GRIFFIN, Circuit Judges.

PER CURIAM. Jermaine McClain, a federal prisoner, appeals through counsel his conviction and sentence. In 2011, a jury found McClain guilty of being a felon in possession of a firearm and witness tampering. He was sentenced to 151 months of imprisonment.

The evidence introduced at trial showed that McClain and the mother of two of his children were buying a house on land contract and fixing it up. A search of the house revealed a firearm hidden behind a television and several other firearms on a board under McClain's vehicle parked in the detached garage. Several witnesses testified that McClain, his girlfriend, her children, and his mother were living in the house, the mother in the basement and the others upstairs. Witnesses also testified to seeing McClain with the weapons, selling or giving him weapons, and seeing McClain place weapons under his vehicle in the garage. After his arrest, McClain wrote several letters to his girlfriend, in which he instructed her to say he never lived at the house, but that a man named Matt

did, to deny her earlier statement that they were living there, and to say that his mother had not moved in. He also told her to say that a man named John might have put the guns under the vehicle, and not to tell the grand jury anything.

On appeal, McClain argues that the jury instructions were erroneous, his counsel was ineffective, there was insufficient evidence of witness tampering, and his sentence is unreasonable.

We review jury instructions for an abuse of discretion. *United States v. Beaty*, 245 F.3d 617, 621 (6th Cir. 2001). An abuse of discretion will be found where the instructions fail to accurately reflect the law. *Id*. Moreover, no single provision of the jury charge may be viewed in isolation; rather, the charge must be considered as a whole. *Id*. Here, McClain argues that the trial court erred in instructing the jury that "the possible guilt of others is no defense." Because he attempted to convince the jury that the firearms could have been possessed by someone else, he concludes that this instruction denied him the right to present a defense. However, the instruction derived from Sixth Circuit Criminal Pattern Jury Instruction 8.08(2) accurately reflects the law, which is that multiple people can jointly possess the same guns at the same time. *See United States v. Chesney*, 86 F.3d 564, 573 (6th Cir. 1996). Additionally, the district court, in an attempt to clarify matters, also included a jury instruction on joint possession, instructing the jury that the government must prove actual or constructive possession of the guns. Viewed as a whole, the district court appropriately instructed the jury and, therefore, did not abuse its discretion.

McClain next argues that his counsel was ineffective in waiving a jury instruction on "other acts" evidence. We generally do not review claims of ineffective assistance of counsel on direct

appeal, but reserve those issues for motions to vacate sentence under 28 U.S.C. § 2255, because the record is insufficient to address such claims. *United States v. Wells*, 623 F.3d 332, 348–49 (6th Cir. 2012). Here, there is no evidence of record regarding counsel's decision to waive the jury instruction. Accordingly, we will not address this issue.

McClain argues that there was insufficient evidence to support the charge of witness tampering. We review a claim of insufficient evidence to determine whether, viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Hartsel*, 199 F.3d 812, 815 (6th Cir. 1999). There is a strong presumption in favor of sustaining a jury conviction. *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994). McClain argues that the jury could have believed that he never lived at the house where the weapons were found, and therefore that he did not counsel his girlfriend to testify falsely. However, it is apparent that the jury did not believe his version of the events. We will not substitute our judgment for that of the jury. *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994).

Finally, McClain argues that his sentence is substantively unreasonable because the trial court failed to give sufficient weight to mitigating evidence, particularly the absence of McClain's father when he was growing up and his drug abuse problem. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Paull*, 551 F.3d 516, 526 (6th Cir. 2009). A sentence within the guidelines range is presumptively reasonable. *United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011). Because the sentence imposed was within, in fact at the

bottom of, the guidelines range, no lengthy discussion of the sentencing factors was necessary. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). An argument that the court incorrectly weighed some sentencing factors over others is not a basis for appellate review. *See United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). McClain's desire for a more lenient sentence is insufficient for us to disturb the district court's judgment. *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Thus, McClain failed to rebut the presumptive reasonableness of his sentence.

For all of the above reasons, McClain's conviction and sentence are affirmed.