NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0447n.06

No. 12-6031

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 03, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
                     ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE WESTERN
DEMARIO MONTAGUE, ) DISTRICT OF TENNESSEE
)
    Defendant-Appellant. )
)

BEFORE:  MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

PER CURIAM.  Demario Montague, who is represented by counsel, appeals the sentence imposed on remand following his conviction of being a felon in possession of a firearm.

A jury convicted Montague of being a felon in possession of a firearm in 2008.  He was acquitted of knowingly possessing a stolen firearm.  The evidence at trial showed that Montague was a passenger in the back seat of a car stopped by the police.  He was wearing a white bandana over his face.  There had been several robberies in the area by a person wearing a white bandana.  The police observed Montague reaching down between his feet.  When Montague was removed from the car, a gun was discovered on the floor in front of his seat.  We affirmed Montague's conviction on appeal, but concluded that the district court had committed a procedural error in sentencing when the court failed to recognize that it had the authority to vary from the advisory sentencing guidelines

_____

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

on policy grounds concerning an enhancement to the offense level because the firearm in question was stolen. The case was remanded for resentencing.

Montague's advisory sentencing guidelines range was calculated in his presentence report as 110 to 120 months of imprisonment. At his resentencing hearing, the district court sentenced Montague to 110 months of imprisonment, the same sentence the court originally imposed. Montague now argues that the sentence is procedurally unreasonable because the district court relied on a clearly erroneous factual finding that he had not accepted responsibility. Montague also argues that the sentence is substantively unreasonable because the court gave undue weight to his youthful criminal conduct.

We review the procedural and substantive reasonableness of a sentence imposed in a criminal case for an abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence within the guidelines range is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

A sentence may be found to be procedurally unreasonable where it is based on a clearly erroneous factual finding. *Gall v. United States*, 552 U.S. 38, 51 (2007). Montague argues that the district court made a clearly erroneous factual finding when it found that he has not accepted responsibility for his conviction. A review of the record reveals no clear error. The record shows that Montague has convinced his family of his innocence, as both his mother and aunt made statements indicating that Montague was only in this position because he accepted a ride from the wrong people on the day of his arrest.

Montague also argues that his sentence is substantively unreasonable because the district court gave unreasonable weight to his youthful criminal conduct. The district court discussed the authority Montague cited for the proposition that juveniles should be held less responsible for their criminal conduct than adults, but distinguished the authority because Montague had not been sentenced to death or life without parole. In fact, the presentence report shows that Montague received seven months in juvenile detention for shooting two people when he was fifteen. Montague's wish for a more lenient sentence is insufficient to disturb the judgment of the district court. *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

The district court's judgment is affirmed.