**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0643n.06

No. 12-2659

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Jul 10, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| THOMAS LAVEL SMITH, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges.[*]

PER CURIAM. Thomas Lavel Smith, a federal prisoner, appeals the sentence imposed following his guilty plea to a charge of access device fraud.

For more than two years, Smith purchased credit card information from internet hackers in foreign countries, produced credit cards with the information, and recruited people to use the cards to shop for products and gift cards. Two of his recruits were apprehended in March 2012. Subsequent investigation revealed that the two had made purchases of over $32,000 with stolen credit card numbers in the last month.

Smith entered into a plea agreement in which he agreed to plead to the charge of access device fraud in exchange for dismissal of two other counts. He stipulated that he had purchased credit card information for 7,000 credit cards over the course of his scheme. A presentence report

---

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

was prepared, which arrived at an offense level by applying the commentary to USSG § 2B1.1, estimating that each stolen access device resulted in a loss of $500. *See* USSG § 2B1.1, cmt. n.3(F)(i). The resulting guidelines range was 135 to 168 months. However, the statutory maximum penalty for the offense was 120 months. At sentencing, Smith argued that the $500 figure should not be used. The district court agreed, and instead calculated the loss by multiplying the $32,000 the scheme produced in its final month by twenty-four months, a conservative estimate of the duration of the scheme. Alternatively, the district court noted that, accepting Smith's argument that only half of the card information he purchased resulted in usable devices, and that each device caused between $200 and $300 in losses, a similar figure resulted. This calculation lowered the guidelines range to 87 to 108 months. The district court sentenced Smith to 92 months.

On appeal, Smith argues that his sentence is unreasonable. In particular, he urges the court to reject the $500 per access device calculation, and contends that the actual loss in this case was only the approximately $32,000 his co-conspirators were found to have caused in the month before their apprehension.

We review a sentence in a criminal case for reasonableness under an abuse-of-discretion standard. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). The determination of the amount of loss is reviewed for clear error. *United States v. Kohlbach*, 38 F.3d 832, 841 (6th Cir. 1994).

Here, the district court did not clearly err in estimating the amount of loss based on the nature and duration of the scheme. *See United States v. Milligan*, 17 F.3d 177, 183 (6th Cir. 1994). The arguments raised by Smith are frivolous. At his request, the district court did not employ the $500

per device computation, and the amount of loss was undoubtedly more than what was caused in the last month of the over two-year scheme.

To find an abuse of discretion in sentencing, it must appear that the district court was required to give a lower sentence, not that it could have done so. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). The fact that Smith would have preferred an even more lenient sentence is insufficient to disturb the district court's judgment. *See United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

Accordingly, the district court's judgment is affirmed.