**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0894n.06

No. 12-6127

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| LOUIS M. SMITH, JR., | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUTTON and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

PER CURIAM. Louis M. Smith Jr., a federal prisoner, appeals the sentence imposed following his guilty plea to two counts of unlawfully transferring stolen monies in interstate commerce and four counts of wire fraud.

Smith, a former attorney, stole the life savings, over $600,000, of one of his clients, a woman in her nineties in a nursing home, and over $400,000 from the estates of two other clients. He had no previous criminal history. The sentencing guidelines range was calculated at 63 to 78 months of imprisonment. Smith's counsel argued for a sentence of home incarceration, based on Smith's age, 64, and diagnoses of Parkinson's disease and dementia. The district court imposed a sentence of 63 months, which Smith now argues is unreasonable.

---

[*]The Honorable Robert M. Dow, Jr., United States District Judge for Northern District of Illinois, sitting by designation.

We review a criminal sentence for reasonableness under an abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), giving considerable deference to the sentencing judge's decisions. *See United States v. Poynter*, 495 F.3d 349, 351-52 (6th Cir. 2007).

Although the guidelines discourage consideration of health issues, *see United States v. Robinson*, 669 F.3d 767, 775 (6th Cir. 2012), *cert. denied,*133 S. Ct. 929 (2013), the district court in this case considered Smith's arguments. *See United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). After hearing testimony from the Regional Medical Director of the Bureau of Prisons Mid-Atlantic Region, the district court concluded that the Bureau of Prisons is able to satisfy Smith's medical requirements. *See United States v. Theunick*, 651 F.3d 578, 592 (6th Cir. 2011). The court concluded that other sentencing factors, including the seriousness of the crimes, the need for deterrence, and the vulnerability of the victims, called for a sentence at the bottom of the guidelines range.

A sentence within the guidelines range is entitled to a presumption of reasonableness. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Smith's desire for a more lenient sentence is insufficient to disturb the district court's judgment. *Id*. We consider not whether the district court could have given a lower sentence, but whether it must have. *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). Finding no abuse of discretion by the district court, we affirm the sentence imposed in this case.