NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0499n.06

No. 13-6377

| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED** Jul 09, 2014 DEBORAH S. HUNT, Clerk |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| DANNY LEE DAVIS, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

BEFORE: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Danny Lee Davis, a federal prisoner, appeals the sentence imposed upon the revocation of his term of supervised release. In 2002, Davis entered a guilty plea to conspiring to distribute methamphetamine. He was sentenced to 144 months of imprisonment and eight years of supervised release. Davis was released from custody in 2012, and almost immediately was arrested by local authorities for operating a methamphetamine laboratory in his home, and in possession of counterfeit currency. He entered a guilty plea in a Tennessee court in 2013 to possessing methamphetamine.

Davis admitted that his new state conviction violated the terms of his federal supervised release. A sentencing range of 51 to 60 months of imprisonment was calculated in his supervised release revocation report. At the sentencing hearing, Davis acknowledged the guidelines range, but argued for placement in a private residential drug treatment program in lieu of a new sentence of imprisonment. The district court stated that the needs of society and the

need for deterrence outweighed the needs of the defendant. A new sentence of 60 months was imposed, with no supervised release to follow.

On appeal, Davis argues that his sentence is unreasonable because the district court did not mention the calculated sentencing range or his request for placement in a drug treatment facility.

A sentence imposed upon the revocation of supervised release is reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). A sentence within the guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). A defendant's wish for a more lenient sentence is an insufficient reason to disturb the district court's judgment. *Id.*

The arguments raised by Davis are meritless. Although the district court did not recite the guidelines range calculated in the revocation report, defense counsel did acknowledge the range in her argument, and the court is presumed to have considered the range. *See United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008). Similarly, although the district court did not repeat the argument for placement in a drug treatment program, there is no requirement for the court to explicitly address every argument or explain why alternative sentences were not selected. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). Moreover, the court in this case did explain why a new term of imprisonment was appropriate, i.e., the need for deterrence and to protect the public.

Because no abuse of discretion has been demonstrated and the presumption of reasonableness of this within-guidelines sentence has not been rebutted, the district court's judgment is affirmed.