NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0877n.06

No. 14-1378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 21, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| DONTAY DARNELL TYLER, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE:  COLE, Chief Judge; GRIFFIN, Circuit Judge; CARR, District Judge.[*]

PER CURIAM.  Dontay Darnell Tyler appeals his 24-month sentence imposed upon the revocation of his supervised release.  We affirm.

In 2004, Tyler pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a).  The district court sentenced Tyler to seventy-two months of imprisonment followed by three years of supervised release.  In 2010, after he left a halfway house without permission and failed to return, Tyler pleaded guilty to escape from custody in violation of 18 U.S.C. § 751(a).  The district court sentenced Tyler to 30 months of imprisonment followed by three years of supervised release.

Tyler's second supervised release began July 3, 2012.  Approximately four weeks later, the probation office petitioned the district court to issue a warrant for Tyler's arrest for violating

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

the conditions of his supervised release. Upon Tyler's admission of those violations, the district court revoked his supervised release and sentenced him to twelve months of imprisonment followed by two years of supervised release.

Tyler's third and most recent term of supervised release began on August 12, 2013. On February 26, 2014, the probation office again petitioned the district court, charging Tyler with four violations of his supervised release: three violations for using and possessing cocaine and one violation for failing to attend moral reconation therapy. Tyler admitted those violations. The district court calculated the imprisonment range under the sentencing guidelines as twenty-one to twenty-seven months, which was statutorily capped at twenty-four months. Emphasizing Tyler's "decisions over the years in multiple settings . . . to simply not pay attention to federal supervision and to the requirements of federal and state law," the district court revoked his supervised release and sentenced him to 24 months of imprisonment with no supervised release to follow. (R. 61, Supervised Release Violation Revocation Hrg. Tr. 30, Page ID # 162).

On appeal, Tyler asserts his twenty-four-month sentence is substantively unreasonable because it fails to account for the mitigating facts in his case.

We review the substantive reasonableness of Tyler's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction.").

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be

considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Tyler's within-guidelines sentence. *Bolds*, *supra*, 511 F.3d at 581.

The record shows the district court considered the facts that Tyler identified as mitigating but found that those facts did not warrant a below-guidelines sentence. The district court recognized Tyler's relationship with his new wife but pointed out that his violations occurred after their marriage. As for Tyler's desire for drug and mental health treatment, the district court stated, "[I]t's a little too late to come to the table now and say 'I really want to do that' when I don't have any indication that the programs that have been offered have been taken advantage of and in fact have been flouted now on two occasions." (R. 61, Supervised Release Violation Revocation Tr. 28, Page ID # 160). Tyler asserted that he was self-medicating because a close family member had died and because his mother and sister were fighting breast cancer.

The district court was not persuaded by this argument: "Undoubtedly there's been difficulties for Mr. Tyler, as there are for many people, but the problems and the choices that have bedeviled Mr. Tyler over the years go back a long ways and span many years and can't be traced, I think persuasively, to the loss of a cousin, to difficulties with the mother suffering breast cancer." (*Id.* at 29, Page ID # 161). The district court acknowledged Tyler's personal drug use was not as serious as drug distribution but stated that, "in the context of this particular file, I think it's still pretty serious when we have no traction, no evidence of traction in supervision." (*Id.* at 27, Page ID # 159). Tyler's wish that the district court had balanced these facts differently and imposed a more lenient sentence, "without more, is insufficient to justify our disturbing the

reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th

Cir. 2007). Finding no abuse of discretion, we affirm Tyler's sentence.