NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0023n.06

No. 14-5755

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                      )
                                               )
        Plaintiff-Appellee,                    )
                                               )    ON APPEAL FROM THE UNITED
v.                                             )    STATES DISTRICT COURT FOR
                                               )    THE EASTERN DISTRICT OF
ANTHONY B. MCCORMICK,                          )    TENNESSEE
                                               )
        Defendant-Appellant.                   )
                                               )
                                               )

BEFORE: NORRIS, ROGERS, and WHITE, Circuit Judges.

PER CURIAM. Anthony B. McCormick appeals his twelve-month sentence imposed upon the revocation of his supervised release. We affirm.

In 2005, McCormick pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession and transfer of a machine gun, in violation of 18 U.S.C. § 922(o)(1). The district court sentenced McCormick to a below-Guidelines sentence of 108 months of imprisonment followed by three years of supervised release. [1]

McCormick's supervised release began on August 3, 2012. On April 11, 2013, McCormick's ex-girlfriend, Shannon Flanagan, called police after an argument with McCormick. The responding officers told McCormick to cease all contact with Flanagan. Instead, McCormick stalked and harassed Flanagan for approximately the next 13 months, even

---

[1] Based on the offense level of 27 and a criminal history category of VI, imprisonment, McCormick's Guidelines range was 130 to 162 months.

as his probation officer and other law enforcement continually admonished him to stop. Flanagan reported to the probation office that McCormick slandered her on Facebook, sent her numerous unwanted text messages, drove by her house as many as 25 times a day, and called her place of work.

On May 6, 2014, the probation office petitioned the district court for a warrant for McCormick's arrest, alleging the following violations of the conditions of his supervised release: (1) he was arrested and charged with stalking his ex-girlfriend Shannon Flanagan; (2) he failed to follow his probation officer's instructions to have no contact with Flanagan and lied to his probation officer in denying any contact with her; and (3) he failed to notify his probation officer that law enforcement officers had questioned him about a possible order of protection. Because McCormick had a criminal history category of VI, the Guidelines range for the violation of supervised release was eight to fourteen months. U.S.S.G. § 7B1.4(a). At the revocation hearing, McCormick admitted violating the conditions of his supervised release. The district court revoked McCormick's supervised release and sentenced him to twelve months of imprisonment followed by two years of supervised release.

On appeal, McCormick challenges his sentence as substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction."). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010).

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a sentence within the Guidelines range. *Bolds*, 511 F.3d at 581.

McCormick contends that the district court did not give adequate weight to his positive achievements. At the revocation hearing, McCormick described his accomplishments during his incarceration, which included earning his GED, completing the forty-hour drug program, participating in parenting classes, maintaining employment, obtaining a lower security classification, and receiving no write-ups. McCormick also asserted that upon his release he had attended mental-health counseling as ordered, had not missed any appointments with his probation officer, and had not tested positive for drugs. The district court recognized McCormick's efforts:

> Mr. McCormick, I think it is commendable that you've done so well in so many respects, and the Court appreciates that. The reason the Court suggested those things to you in the past was because it wanted you to become a productive, law-abiding member of society, and I think you have all the ingredients to do that.

(RE 60, Revocation Hearing Tr. 9-10, Page ID # 176-77). The district court, however, pointed out that McCormick's failure to follow his probation officer's instructions was "interfering with [his] becoming a productive, law-abiding person . . . which is our goal." *Id*. at 10-11, Page ID # 177-78.

McCormick further asserts that there was no evidence of violence toward Flanagan and that the relationship was not one-sided. However, the petition for McCormick's arrest includes allegations that McCormick attempted to "run [Flanagan] off the road." Moreover, as the district court stated, McCormick had a "track record": "I don't know how extensive it is or how serious

it is, but there have been several instances of your involvement with some woman that's led to law enforcement getting involved. . . . So I think there's enough there for the Court to be concerned." *Id*. at 11, Page ID # 178. The court's concern is supported by McCormick's prior convictions, which include two convictions for reckless endangerment with a deadly weapon, one conviction for harassment, and three convictions for assault. McCormick's victims were almost all women, many with whom McCormick had previously been involved. The district court therefore recommended McCormick's placement in a program to address his relationship and anger issues.

The record shows that the district court considered the relevant sentencing factors and nothing in the record suggests that the district court gave unreasonable weight to any factor. McCormick's wish that the district court had balanced these factors differently and imposed a more lenient sentence, "without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

Finding no abuse of discretion, we AFFIRM McCormick's sentence.