NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0329n.06

No. 14-5557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| SPENCER T. EASTING, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
May 05, 2015
DEBORAH S. HUNT, Clerk

BEFORE:  COLE, Chief Judge; GILMAN and KETHLEDGE, Circuit Judges.


PER CURIAM.  Spencer T. Easting challenges the substantive reasonableness of his 188-month sentence.  We affirm.

Pursuant to a written plea agreement, Easting pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the district court calculated a guidelines range of 188 to 235 months of imprisonment based on Easting's status as a career offender under USSG § 4B1.1.  Easting filed a motion, pursuant to USSG § 5K2.13, for a downward departure due to his diminished capacity, which the district court denied.  The court found that his mental health problems, while "serious and persistent," did not significantly reduce his mental capacity or contribute substantially to the commission of the offense.  (RE 74, 4/24/14 Sent. Tr. 41, Page ID # 288).  Easting also asked the district court to reject the career-offender enhancement for policy reasons and impose a below-guidelines sentence pursuant to

18 U.S.C. § 3553(a). The district court denied Easting's request, concluding that, based upon his record, it "cannot say that the career offender provision here would lead to a sentence that is greater than what is necessary to fulfill the purposes of sentencing as set out in Section 3553." (*Id*. at 43, Page ID # 290). The district court then sentenced Easting to 188 months of imprisonment, the low end of the guidelines range.

On appeal, Easting contends that his sentence is substantively unreasonable because the district court failed to give proper weight to the following mitigating factors: (1) his record of mainly petty offenses, (2) his minor role in the instant offense, and (3) his lengthy and severe history of mental illness. We review the substantive reasonableness of Easting's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Easting's within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc).

With respect to Easting's argument that the district court did not adequately consider the minor nature of his prior convictions, the district court specifically "acknowledge[d] that many of his convictions are driving convictions or misdemeanor convictions." (RE 74, 4/24/14 Sent. Tr. 47-48, Page ID # 294-95). The district court concluded, however, that "even though they may be minor offenses, they still demonstrate an inability to comply with the law." (*Id*. at 48, Page ID # 295). As the district court pointed out, "there had not been a substantial period of time when the defendant had not been involved in some type of criminal activity." (*Id*. at 47, Page ID

# 294).  The district court also noted Easting's more serious offenses, including his drug-trafficking convictions and his convictions involving threats of violence and danger to others, and determined that "[t]he primary goal in this case should be the protection of the public."  (*Id.* at 43, Page ID # 290).

Easting further contends that the district court failed to fully weigh his minor role in the instant offense.  Easting did not expressly request a below-guidelines sentence based on his minor role.  Defense counsel did assert that Easting was not "out on a street corner selling drugs" and that he was "targeted by" a confidential informant.  (*Id.* at 39, Page ID # 286).  Easting himself claimed that he "wasn't out selling drugs" and that he merely obtained drugs for the confidential informant when the confidential informant called him.  (*Id.* at 46, Page ID # 293).  The government characterized Easting's role as "a middleman of some sort."  (*Id.* at 47, Page ID # 294).  Before pronouncing the sentence, the district court stated it had "heard from counsel and the defendant," indicating that it had considered these arguments about Easting's role.  (*Id.* at 48, Page ID # 295).

According to Easting, the district court failed to consider his lengthy and severe history of mental illness.  In denying his motion for a downward departure, the district court stated that Easting "does have some serious and persistent mental health problems."  (*Id.* at 41, Page ID # 288).  The district court observed that Easting's "mental problems can be addressed while he is in prison," stating that it was "not using this as a reason for the sentence," and recommended that he "be evaluated for and receive any needed mental health treatment while in custody."  (*Id.* at 43, 48, Page ID # 290, 295).

The record shows that the district court considered the relevant sentencing factors, including the mitigating factors identified by Easting on appeal.  Easting's wish that the district

court had balanced these factors differently and imposed a below-guidelines sentence, "without

more, is insufficient to justify our disturbing the reasoned judgment of the district court." *See*

*United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Easting has not overcome

the presumption that his within-guidelines sentence is substantively reasonable.

Accordingly, we affirm Easting's sentence.