NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0413n.06

No. 14-4158

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 05, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| OLUFEMI YOUNG, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GUY, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM. Olufemi Young, a federal prisoner, appeals the sentence imposed upon the revocation of his term of supervised release.

Young entered a guilty plea in 2001 in the Western District of Pennsylvania to charges of carrying a firearm in relation to a drug-trafficking crime and possession of a firearm by a felon. He was sentenced to 157 months of imprisonment and three years of supervised release. His supervised release term commenced in December 2011. Beginning in March 2013, Young repeatedly tested positive for marijuana. He admitted that his drug use violated the terms of his supervised release. A sentencing hearing was held in November 2014. The guidelines range for the violation was calculated at six to twelve months of imprisonment. The government argued for a sentence within the range. Young argued that he had successfully started his own business and asked to be allowed to continue his final month of supervised release. The district court

discussed the seriousness of the violation and the needs to promote respect for the law, to punish, and for deterrence in imposing a term of imprisonment of twelve months with no additional supervised release to follow. Young now argues that his sentence is substantively unreasonable. He states that he required drug treatment rather than incarceration.

We review a sentence imposed on the revocation of supervised release for reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). A sentence within the guidelines range is entitled to a rebuttable presumption of substantive reasonableness. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007); *United States v. Morris*, 448 F.3d 929, 932 (6th Cir. 2006). Young presents nothing that indicates an abuse of discretion by the district court or rebuts the presumption of reasonableness of his within-guidelines sentence. He was given the opportunity to complete drug treatment on supervised release and squandered that opportunity. Young's wish for a more lenient sentence is insufficient to disturb the district court's judgment. *See Trejo-Martinez*, 481 F.3d at 413. Accordingly, we affirm the sentence imposed below.