**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0497n.06

No. 17-6432

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 05, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| PRISILIANO SOLIS-ROBLERO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  SILER and KETHLEDGE, Circuit Judges; OLIVER, District Judge.[*]

PER CURIAM.  Prisiliano Solis-Roblero appeals his 18-month sentence for illegal reentry. As set forth below, we **AFFIRM** Solis-Roblero's sentence.

Solis-Roblero, a native and citizen of Mexico, pleaded guilty to an indictment charging him with illegally reentering the United States after removal pursuant to an immigration judge's order and subsequent to prior convictions for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b).  Solis-Roblero's presentence report set forth a guidelines range of 21 to 27 months of imprisonment based on a total offense level of 10 and a criminal history category of V.  Solis-Roblero moved for a downward variance from that range, asserting in part that his wife had been diagnosed with breast cancer and that he needed to work to obtain money for her treatment.  The district court granted Solis-Roblero's motion and sentenced him to 18 months of imprisonment followed by one year of supervised release.

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Solis-Roblero challenges the reasonableness of his below-guidelines sentence. We review Solis-Roblero's sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Solis-Roblero argues that the district court did not give enough weight to his family circumstances. Although Solis-Roblero characterizes the district court's alleged error as procedural, his argument is a challenge to the substantive reasonableness of his sentence. *See United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 520. Given that we afford a within-guidelines sentence a rebuttable presumption of substantive reasonableness, Solis-Roblero's "task of persuading us that [his] more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

In granting Solis-Roblero a three-month downward variance, the district court stated that it was "sympathetic towards his personal family situation." (RE 37, Sentencing Tr., Page ID # 146). Given that the district court expressly considered his family circumstances and accepted his argument that those circumstances warranted a downward variance, Solis-Roblero cannot overcome the presumption that his below-guidelines sentence is substantively reasonable. Solis-Roblero's desire for a greater variance "is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

Solis-Roblero cites the government's argument that granting his motion for a variance would "open[] the door to a broad range of exceptions that leads to a disparity . . . that we really work hard to avoid." (RE 37, Sentencing Tr., Page ID # 143). The district court accepted Solis-Roblero's claim that his family circumstances warranted a downward variance, implicitly rejecting the government's argument about sentencing disparities.

According to Solis-Roblero, the district court did not believe that it had the authority to grant a greater variance. We construe Solis-Roblero's argument as a challenge to the procedural reasonableness of his sentence. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 580 (6th Cir. 2009) (construing claims relating to "the sentencing court's understanding and explanation of its authority to deviate from the Guidelines" as procedural challenges). In reviewing for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

While acknowledging that Solis-Roblero presented "a sympathetic situation," the district court stated:

> [W]hen I, a judge with civil authority, begin to start going down the path of absolving people from criminal punishment based upon my personal view of the sympathy of their situation, . . . I've really crossed the [R]ubicon at that point . . . .
>
> . . . I've crossed the line of administering the law into making all sorts of broad sort of moral judgments . . . .

(RE 37, Sentencing Tr., Page ID ## 144-45). Notwithstanding these statements, the district court recognized the advisory nature of the sentencing guidelines and exercised its discretion to grant a

downward variance, citing Solis-Roblero's family circumstances. The district court did not commit procedural error.

For these reasons, we **AFFIRM** Solis-Roblero's sentence.